# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

TONYA A. HIGHTOWER,                )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )    No. CIV-08-112-FHS-KEW
                                   )
MICHAEL ASTRUE, Commissioner       )
Social Security Administration     )
                                   )
        Defendant.                 )

## **OPINION AND ORDER**

Plaintiff's counsel filed a Motion For Attorney Fees Under 42 U.S.C. § 406(b) (Dkt. No. 25) on July 16, 2012. Judgment was entered in favor of Plaintiff on October 14, 2009, remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner found in favor of Plaintiff and determined Plaintiff was entitled to Supplemental Security Income benefits beginning October 2004 and disability benefits beginning March 2005. Notices of Award were issued in favor of Plaintiff with Plaintiff receiving the Notice of Award for the Supplemental Security Income benefits on July 14, 2012. According to Plaintiff, the Notice of Award for disability benefits, although issued on June 8, 2011, was not received by Plaintiff until July 5, 2012.[1] The total amount of benefits awarded Plaintiff as calculated under the Notices of Award equals $44,845.00.

---

[1] Counsel states in her motion that the Notices of Award were issued to Plaintiff only after a request for action under the Freedom of Information Act was filed on July 3, 2012.

1

Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such circumstances, the fourteen-day period running from the date of judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and claimants, through counsel, rely on Rule 60(b)(6) to seek such fees well after the expiration of the fourteen-day period. Id. at 505. The McGraw Court noted, however, that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." Id. The Court finds it appropriate to authorize Plaintiff's counsel to file her § 406(b)(1) motion for attorney fees following the receipt on July 5, 2012, and July 14, 2012, of the respective Notices of Award containing the calculation of past-due benefits. The "decision awarding benefits" language referenced by the McGraw Court necessarily includes not only the favorable decision on disability, but the actual award of past-due benefits. Plaintiff's counsel is entitled to file her motion within a reasonable time of the Notices of Award. Counsel's motion filed on July 16, 2012, is therefore timely.

Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $11,211.00 for counsel's representation of Plaintiff before the Court. Counsel's requested fees do not exceed either the amount contracted for in the parties' contingency agreement or the 25% limitation of section 406(b). Neither the Commissioner nor the Plaintiff have presented any objection to Plaintiff's counsel's request for fees in the amount of $11,211.00. The Commissioner

2

has filed an informative response on the various points of law to be considered, but has declined to take a position on the reasonableness of counsel's fee request. Plaintiff has not filed any response or objection. The Court has conducted an independent review of the record, including the contingency-fee contract between counsel and Plaintiff, and counsel's documented time records, and concludes counsel's motion is timely and that the requested attorney fee amount of $11,211.00 is reasonable under the facts and circumstances of this case given the nature and quality of the representation and the results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-809 (2002).

Consequently, Plaintiff's counsel's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 29) is granted in the amount of $11,211.00. Pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986), Plaintiff's counsel is directed to refund to Plaintiff $1,665.20 in fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[2]

---

[2] On February 1, 2010, the Court awarded EAJA fees in favor of Plaintiff in the amount of $4,486.20. Plaintiff's counsel has attached a United States Department of Treasury document (Attachment 4) reflecting the diversion and application of a portion of Plaintiff's EAJA attorney fee award to offset Plaintiff's child support obligation through the Chickasaw Nation District Child Support Office. The offset amount is $2,821.00, leaving Plaintiff with a realized EAJA award in the amount of $1,665.20. Given the application of the EAJA attorney fee award as an offset, there is only a portion ($1,665.20) of the EAJA attorney fee to refund to the Plaintiff. See Garnett v. Astrue, 2009 WL 93063 (M.D. Fla. 2009)(EAJA fees not subject to refund when they are garnished to pay claimant's federal debt).

It is so ordered this 15th day of August, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma